**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **YVONNE M. BALDWIN,** | : | |
| **Plaintiff,** | : | |
| **vs.** | : | **CA 07-0789-C** |
| **CITY OF PRICHARD, ALABAMA,** | : | |
| **Defendant.** | : | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court, pursuant to 28 U.S.C. § 636(c), on the following post-trial pleadings filed by the parties: Plaintiff's Motion for Prospective Equitable Relief (Doc. 28); Defendant's Motion for a New Trial (Doc. 29); Defendant's Motion to Alter or Amend Judgment (Doc. 30); Plaintiff's responses to the Motion for New Trial (Doc. 32) and the Motion to Alter or Amend Judgment (Doc. 33); Defendant's Reply to Plaintiff's Response to the Motion to Alter or Amend judgment (Doc. 35); Defendant's Response in Opposition to Plaintiff's Motion for Prospective Equitable Relief (Doc. 36); Plaintiff's Motion to Strike (Doc. 37);[1] Plaintiff's submission in support of her Motion for Prospective Equitable Relief (Doc. 39); and Defendant's Response to Plaintiff's submission (Doc. 40). After consideration

---

[1] Plaintiff's motion to strike Defendant's response in opposition to Plaintiff's Motion for Equitable Relief (Doc. 37) is **DENIED**. This Court has considered all post-trial submissions by the parties in this case.

of these pleadings, and with the benefit of oral argument on February 4, 2009, the Court hereby **DENIES** Defendant's Motion for a New Trial (Doc. 29) and Motion to Alter or Amend Judgment (Doc. 30) and **GRANTS** Plaintiff's Motion for Prospective Equitable Relief (Doc. 28).

## I. Background.

On December 18, 2008, a jury returned a verdict against the defendant, finding the City of Prichard in violation of Title VII of the Civil Rights Act of 1964 for failing to offer Plaintiff a five-year contract for the municipality's chief of police position on account of her gender and then retaliating against her for bringing a discrimination claim. The jury awarded Baldwin $235,152.00 in compensatory damages and backpay. On December 19, 2008, this Court entered a judgment in favor of Plaintiff and against Defendant in the amount of $235,152.00. (Doc. 27)

## II. Discussion.

### A. Prichard's Motion for a New Trial (Doc. 29).

The City of Prichard timely filed a motion for a new trial on December 30, 2008. (Doc. 29) The defendant contends that it is entitled to a new trial on Plaintiff's gender discrimination claim both because "[t]he special interrogatories provided to the jury unduly shifted the burden of proof to the City and established a prima facie case for Baldwin without sufficient evidence

to support the allegation as it relates to [g]ender [d]iscrimination[,]"[2] (Doc. 29, at 1) and because the jury's failure to return a verdict for Plaintiff on both her gender and age claims was inconsistent, since those claims were inextricably intertwined (*id*. at 4-5). In addition, Defendant contends that it is entitled to a new trial on Plaintiff's retaliation claim because Plaintiff failed to prove all of the allegations in support of this claim by a preponderance of the evidence. (*Id*. at 6)

Rule 59(a)(1)(A) provides that a court may grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Reasons for granting a new trial "include a verdict which is against the weight of the evidence, substantial errors in the admission or rejection of evidence, and improper opening statements or closing arguments." *Rosa v. City of Fort Myers*, 2008 WL 398975, *2 (M.D. Fla.)[3] (internal citations omitted), *aff'd*, 297 Fed.Appx. 830 (11th Cir. 2008). The Eleventh Circuit has specifically instructed district courts that a motion for new trial should be granted when "the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be

---

2 Refining the point slightly, defendant argues that plaintiff failed to show all of the requisite elements of a gender discrimination claim by a preponderance of the evidence. (Doc. 29, at 1-4)

3 "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

substantial evidence which would prevent the direction of a verdict. . . . Because it is critical that a judge does not merely substitute his judgment for that of the jury, new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great– not merely the greater– weight of the evidence." *Lipphardt v. Durango Steakhouse of Brandon, Inc.,* 267 F.3d 1183, 1186 (11th Cir. 2001) (internal quotations and citations omitted).

The defendant's special interrogatory argument is rejected by the Court. A review of the special interrogatories reveals that the jury was specifically asked whether Plaintiff had proven by a preponderance of the evidence a prima facie case of gender discrimination, that is, had she proven by a preponderance of the evidence that the defendant did not offer her a 5-year contract for the position of Chief of Police and whether she had proven by a preponderance of the evidence that her gender was a substantial or motivating factor that prompted the defendant to take such action. The jury answered this compound interrogatory in the affirmative. Because this interrogatory was entirely consistent with the jury instructions given in this case and because the evidence supports the jury's determination in this regard,[4] it is obvious that the

[4] In other words, the undersigned finds that the great weight of the evidence in this case establishes that the City of Prichard did not offer Baldwin a 5-year contract for the position of Chief of Police and that Plaintiff's gender was a substantial or motivating factor prompting such action.

burden of proof in this case was not unduly shifted to the defendant.[5]

In addition, the Court cannot agree that it was inconsistent for the jury to find in favor of Plaintiff on the gender discrimination claim when it entered a finding in favor of Defendant on the age claim. The fact that the evidence offered in favor of both claims was substantially the same does *not* mean that the jury could not consistently find that the unlawful discrimination engaged in by the defendant rested solely upon Plaintiff's gender, as opposed to her age. Accordingly, the Court **REJECTS** Defendant's argument in this regard and finds that it is not entitled to a new trial.

**B. Prichard's Motion to Alter or Amend Judgment (Doc. 30).**

Prichard has filed a motion to alter or amend the jury's $235,152.00 damage award, pursuant to Fed.R.Civ.P. 59(e), on the basis that 42 U.S.C. § 1981a(b)(3)(B) limits the entire award available to Baldwin to $100,000. (Doc. 30, at 1-2)

Relief under Rule 59(e) may be granted only under the following circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. American Nat'l*

[5] The undersigned also finds the great weight of the evidence in this case establishes, as the jury found, a prima facie case of retaliation and, therefore, the Court rejects the defendant's argument that Plaintiff failed to prove all of the allegations in support of this claim by a preponderance of the evidence.

*Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), *cert. denied*, 525 U.S. 1104, 119 S.Ct. 869, 142 L.Ed.2d 771 (1999); *see also NL Industries, Inc. v. Commercial Union Ins. Co.*, 65 F.3d 314, 324 n.8 (3rd Cir. 1995); *United States v. Battle*, 272 F.Supp.2d 1354, 1357 (N.D. Ga. 2003); *Offices Togolais des Phosphates v. Mulberry Phosphates, Inc.*, 62 F.Supp.2d 1316, 1331 (M.D. Fla. 1999), *aff'd*, 228 F.3d 414 (11th 2000); *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 684 (M.D. Fla. 1996). The function of a Rule 59(e) motion "is not to serve as a vehicle to relitigate old matters." *Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000), *cert. denied*, 532 U.S. 926, 121 S.Ct. 1369, 149 L.Ed.2d 297 (2001); *see also Kelley v. Singletary*, 238 F.Supp.2d 1325, 1326 (S.D. Fla. 2002) ("The rule is not to be used to relitigate old matters[.]"), *rev'd on other grounds sub nom. Kelley v. Secretary for Dept. of Corrections*, 377 F.3d 1317 (11th Cir. 2004). Moreover, such a motion "must demonstrate why the court should reconsider its decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *United States v. Battle, supra*, 272 F.Supp.2d at 1357, quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 294 (M.D. Fla. 1993).

While Defendant does not specifically identify under which of the three circumstances outlined above that its argument falls, it is apparent to the Court that the City of Prichard is contending that this Court need grant it relief in order to correct a clear error of law or prevent manifest injustice. The relevant

statute relied upon by defendant provides, in part, as follows:

> **(3) Limitations**
>
> The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party–
>
> . . .
>
> **(B)** in the case of a respondent who has more than 100 and fewer than 201 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $100,000[.]

42 U.S.C. § 1981a(b)(3)(B). However, the preceding subsection of this same statute specifically excludes from the definition of compensatory damages awarded under §1981a "backpay, interest on backpay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964[.]" 42 U.S.C. § 1981a(b)(2); *see also Rau v. Apple-Rio Management Co., Inc.*, 85 F.Supp.2d 1344, 1347 n.2 (N.D. Ga. 1999) ("The term 'compensatory damages' as used in § 1981a does not include back pay or interest on back pay."), *aff'd*, 251 F.3d 161 (11th Cir. 2001) (table); *see Hudson v. Chertoff*, 484 F.Supp.2d 1275, 1278 (S.D. Fla. 2007) ("The express terms of the statute permit back pay and interest on back pay to exceed the statutory cap of $300,000.").

In this case, the jury returned a verdict in favor of Plaintiff on her

claims of gender discrimination and retaliation and assessed damages totaling $235,512.00. This damage award includes both compensatory damages, which are statutorily capped in this case at $100,000, and back pay. Plaintiff submitted evidence to the jury from which they could properly conclude that she was due back pay in the amount of $135,642.07. (*See* Doc. 39, Exhibit A to Affidavit of James H. Starnes) Because the City of Prichard has never disputed this back pay figure (*compare* Doc. 33, Starnes aff., at ¶ 2 ("The back pay due Plaintiff, and which the jury awarded, as a result of the defendant's gender discrimination and retaliation, $135,642.07, is shown on the attached Exhibit A which was used at trial.")[6] *with* Doc. 35 (no mention made of amount of back pay)) and that figure, subtracted from the damage award in this case ($235,512.00), leaves an amount under the statutory cap for compensatory damages (i.e., $99,869.93), the Court **DENIES** defendant's motion to alter or amend the

---

[6] The defendant makes the passing argument that Plaintiff failed to mitigate her damages. (*See* Doc. 35, at 3) This argument, however, is at odds with the evidence submitted at trial, including exhibit and testimonial evidence that plainitff sought and procured work with the Mobile County Public School system (Plaintiff's Trial Exhibit 23). *Cf. Moses v. K-Mart Corp.*, 905 F.Supp. 1054, 1059-1060 (S.D. Fla. 1995) ("[O]n the issue of whether Plaintiffs failed to properly mitigate their back pay awards, it is uncontroverted that all three prevailing Plaintiffs testified about employment that they either sought or obtained in the period following their termination from K-Mart. K-Mart was then given full opportunity to cross-examine all three plaintiffs, which it did. The jury was presented with sufficient evidence on this issue, and it chose to side with Plaintiffs. There is nothing in the record to compel this Court to determine that the jury erred in failing to side with K-Mart's version of the facts."), *aff'd*, 119 F.3d 10 (11th Cir. 1997).

judgment. The jury's damage award is a proper reflection of the back pay and statutory compensatory damages due and payable to Plaintiff in this case. *Cf. E.E.O.C. v. Joe's Stone Crab, Inc.*, 15 F.Supp.2d 1364, 1376 (S.D. Fla. 1998) ("Two overarching principles guide the computation of a back pay award: '(1) unrealistic exactitude is not required, [and] (2) uncertainties in determining what an employee would have earned but for the discrimination should be resolved against the discriminating employer.'").

**C. <u>Baldwin's Motion for Prospective Equitable Relief (Doc. 28)</u>.**

Plaintiff has filed a motion for prospective equitable relief and therein seeks front pay, as opposed to reinstatement, prejudgment interest on the award of back pay, and post-judgment interest, all of which she argues she is entitled to in order to make her whole. (Doc. 28)

In *Weaver v. Casa Gallardo, Inc.*, 922 F.2d 1515 (1991), *superseded by statute on other grounds*, Civil Rights Act of 1991, Pub.L. No. 102-166, § 101, 105 Stat. 1071, the Eleventh Circuit determined that "[i]n addition to back pay, prevailing Title VII plaintiffs are presumptively entitled to either reinstatement or front pay." *Id*. at 1528 (citation omitted). Moreover, in *Goldstein v. Manhattan Industries, Inc.*, 758 F.2d 1435, 1448 (11th Cir.), *cert. denied*, 474 U.S. 1005, 106 S.Ct. 525, 88 L.Ed.2d 457 (1985), the Court reiterated that it had "expressly held that an award of front pay . . . may be an appropriate remedy in an age discrimination suit because reinstatement would

be impracticable or inadequate." *Id*. at 1448-1449. While defendant would have this Court confine the holding in *Goldstein* to age discrimination cases (*see* Doc. 36, at 2), such a ruling is not warranted because case law is to the contrary. *See, e.g., Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 845-846 & 854, 121 S.Ct. 1946, 1948 & 1952, 150 L.Ed.2d 62 (2001) (in hostile work environment sexual harassment case under Title VII, Court determined that front pay did not constitute an element of "compensatory damages" under 42 U.S.C. § 1981a; finding, rather, that "[b]ecause front pay is a remedy authorized under § 706(g), Congress did not limit the availability of such awards in § 1981a. Instead, Congress sought to expand the available remedies by permitting the recovery of compensatory and punitive damages in addition to previously[-]available remedies, such as front pay."); *id.* at 847-848, 121 S.Ct. at 1949 ("Plaintiffs who allege employment discrimination on the basis of sex traditionally have been entitled to such remedies as injunctions, reinstatement, backpay, lost benefits, and attorney's fees under § 706(g) of the Civil Rights Act of 1964."); *Weaver, supra* (race case);[7] *Nord v. United States Steel Corp.*, 758 F.2d 1462, 1473 (11th Cir. 1985) (in sex discrimination suit, appellate court remanded case to district court to determine whether Plaintiff was entitled to reinstatement or front pay); *Ward v. State of*

---

[7] "In addition to back pay, *prevailing Title VII plaintiffs* are presumptively entitled to either reinstatement or front pay." *Id*. at 1528 (emphasis supplied).

*Florida, Department of Juvenile Justice*, 2002 WL 32114132, *1 & *3 (N.D. Fla. 2002) (in gender discrimination case, court noted that "[f]ront pay may be awarded if reinstatement is impracticable."); *cf. Maleszewski v. United States*, 827 F.Supp. 1553, 1556 (N.D.Fla.1993) ("[T]he relief available to a successful ADEA claimant is essentially the same as that afforded Title VII claimants."); *Al-Hashimi v. Scott*, 756 F.Supp. 1567, 1569 n. 2 (S.D.Ga.1991) (interpreting references to age discrimination under Title VII as references to the ADEA).

> While we presume that reinstatement is the appropriate remedy in a wrongful discharge case, when extenuating circumstances warrant, a trial court may award a plaintiff front pay in lieu of reinstatement[.] In deciding whether to award front pay, rather than reinstatement, courts look to whether discord and antagonism between the parties would render reinstatement ineffective as a make-whole remedy.

*U. S. E.E.O.C. v. W & O, Inc.,* 213 F.3d 600, 619 (11th Cir. 2000) (internal quotations marks and citations omitted); *see also Armstrong v. Charlotte County Board of County Commissioners*, 273 F.Supp.2d 1312, 1315 (M.D. Fla. 2003) ("Although reinstatement is the preferred remedy in a wrongful discharge case, when extenuating circumstances warrant, the court may award a plaintiff front pay in lieu of reinstatement."). In this case, the parties stipulated, during the hearing held before the undersigned on February 4, 2009, to the fact that reinstatement is not a workable option in Baldwin's case; therefore, an award of front pay is indicated. *See Goldstein, supra,* 758 F.2d at 1448 ("The determination of whether reinstatement is an appropriate remedy

lies within the sound discretion of the district court.").

**1.** **Front Pay Award**. The defendant's contention that Plaintiff should be awarded no more than $100,000 in front pay, back pay, or a combination of the two, in accordance with 42 U.S.C. § 1981a(b)(3)(B) (*see* Doc. 40), is foreclosed not only by subsection (b)(2) of § 1981a, *see id*. ("Compensatory damages awarded under this section shall not include backpay, interest on backpay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964[.]"), but also by the Supreme Court's decision in *Pollard*, *supra*, 532 U.S. at 848, 121 S.Ct. at 1949, that "front pay is not an element of compensatory damages within the meaning of § 1981a, and therefore, . . . the statutory cap of § 1981a(b)(3) is inapplicable to front pay." *See also U.S. E.E.O.C. v. W&O*, 213 F.3d 600, 619 n. 10 (11th Cir. 2000) ("[F]ront pay is not included under the § 1981a(b)(3) statutory caps.").

Calculated monthly, Baldwin places the amount of front pay at $3,780.57; she derives this amount by subtracting what she now earns working for the Mobile County Public School system from that amount she would have earned monthly as the City of Prichard's Chief of Police. The Court accepts Plaintiff's calculation and now must decide the period for which Plaintiff should be awarded front pay. In the Eleventh Circuit, "[a] monetary award of front pay is calculated to terminate on the date a victim of a discrimination

attains an opportunity to move to his 'rightful place.'" *Weaver, supra,* 922 F.2d at 1529 (citation and footnote omitted). In other words, as determined by the Third Circuit, "[a] front pay . . . award is the monetary equivalent of the equitable remedy of reinstatement." *Blum v. Witco Chem. Corp.*, 829 F.2d 367, 383 (3rd Cir. 1987); *cf. Nord, supra*, 758 F.2d at 1473-1474 ("[A]wards of front pay, like other relief under Title VII, must be fashioned in a manner to 'further the goals of ending illegal discrimination and rectifying the harm it causes.'").

While Plaintiff argues that this Court should award her front pay until she reaches 65, i.e., retirement age, or, alternatively, for a period of five years, the undersigned declines such invitation in favor of the defendant's position that any award of front pay should expire on October 13, 2010, the date upon which the current Prichard Police Chief's contract expires. The Court holds that it is upon this date in 2010 that Plaintiff will move to her "rightful place[;]" in other words, awarding her front pay until this date will effectively accomplish her reinstatement to the position of police chief, a position she would have received but for the City's unlawful gender discrimination, and thereby rectify the harm caused by the City's unlawful action. There are a litany of legitimate reasons the City could rely upon not to renew Plaintiff's contract as Chief of Police following the five-year period; therefore, any award of front pay beyond October 13, 2010 would serve only to unjustly enrich the

plaintiff. *Cf. E.E.O.C. v. Guardian Pools, Inc.*, 828 F.2d 1507, 1510 (11th Cir. 1987) ("In awarding damages under Title VII, the district court must attempt to place the injured party in the position he or she would have enjoyed absent discrimination."); *Joe's Stone Crab, Inc., supra*, 15 F.Supp.2d at 1378 ("[A] Title VII damage award should make the claimant whole, not confer a windfall.").

Based upon the foregoing, the Court awards Plaintiff front pay in the amount of $83,172.54, for that period of time from the date of judgment, December 18, 2008 to the date upon which Chief Batiste's five-year contract expires, October 13, 2010.

**2. <u>Pre-judgment Interest on Backpay Award</u>.** Plaintiff has requested, and is entitled to, prejudgment interest on the jury's award of backpay. *See Richardson v. Tricom Pictures & Productions, Inc.*, 334 F.Supp.2d 1303, 1315 & 1316 (S.D. Fla. 2004) ("'Title VII authorizes prejudgment interest as part of the backpay remedy. . . . Prejudgment interest . . . is an element of complete compensation.' . . . *An award of prejudgment interest adjusts the back pay award for inflation and reflects the present day value of income that should have been paid to the claimant in the past*. . . . Although the decision to award prejudgment interest on back pay is discretionary, there is a presumption that the court should award prejudgment interest on an award of back pay to a successful Title VII plaintiff." (emphasis

in original; internal citations omitted)), *aff'd*, 183 Fed.Appx. 872 (11th Cir. 2006);[8] *Joe's Stone Crab, Inc., supra*, 15 F.Supp.2d at 1379 ("'Title VII authorizes prejudgment interest as part of the backpay remedy.'").

In *Guardian Pools, Inc., supra*, the Eleventh Circuit, consistent with the policy and practice of the National Labor Relations Board (NLRB), concluded that IRS prime rates are to be utilized in calculating "the amount of prejudgment interest on back pay awards in Title VII cases." 828 F.2d at 1512. The sum proffered by Baldwin as the proper pre-judgment interest award, $13,361.56, is uncontested by the City and reflects an amount "calculated based on the undisputed evidence at trial and the applicable IRS prime rates." (Doc. 39, at 1) A thorough review of Mr. Starnes' affidavit and the accompanying exhibits convinces the undersigned of the accuracy of the figure advanced by Plaintiff. Thus, the Court holds that the total amount of prejudgement interest to be awarded in this case is $13,361.56.

**3.** **<u>Post-judgment interest</u>**. Plaintiff's final request is that

[8] The City, for its part, attempts to use the case of *Library of Congress v. Shaw*, 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986), to stand for the proposition that "[t]he no-interest rule states that no recovery can be had against the Government for interest in the absence of an express waiver of sovereign immunity from an award of interest[.]" (Doc. 40, at 1) The edicts of *Shaw*, however, were made obsolete by the Civil Rights Act of 1991, which significantly expanded the remedies available to a Title VII plaintiff. *See, e.g., Haynes v. Shoney's*, 803 F.Supp. 393, 394 (N.D.Fla. 1992). Simply put, cities found to have violated Title VII are not immune to awards of prejudgment interest on backpay awards. *See, e.g., United States v. City of Warren Michigan*, 138 F.3d 1083, 1096 (6th Cir. 1998) (upholding award of prejudgment interest, against the city, on individual claimant's back pay award but remanding issue to district court to determine "an appropriate interest rate for Fears's award.").

she be awarded post-judgment interest. (Doc. 39, at 2) In *Guardian Pools, Inc., supra,* the Eleventh Circuit noted that, following amendments to 28 U.S.C. § 1961,[9] "the post-judgment interest rate [is to] be determined by the IRS prime rates, compounded annually." 828 F.2d at 1512.

**III. Conclusion.**

For all of the above reasons, the undersigned hereby **DENIES** the defendant's motion for a new trial (Doc. 29) and motion to alter or amend judgment (Doc. 30). Plaintiff's motion for prospective equitable relief (Doc. 28) is **GRANTED**. In addition to the $135,642.07 in backpay and $99,869.93 in compensatory damages previously awarded Plaintiff by the jury (*compare, supra,* at 7-9 *with* Doc. 27, Judgment ("In accordance with the verdict of the

---

[9] 28 U.S.C. § 1961 reads, in relevant part:

> (a) Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.
>
> (b) Interest shall be computed daily to the date of payment except as provided in section 2516(b) of this title and section 1304(b) of title 31, and shall be compounded annually.

*Id.* (footnote omitted)

jury entered on December 18, 2008, it is hereby ORDERED, ADJUDGED, and DECREED that the plaintiff shall have and take from the defendant, City of Prichard, the sum of $235,512.00.")), Plaintiff is **AWARDED** front pay in the amount of $83,172.54 and prejudgment interest of $13,361.56 on the backpay award. Post-judgment interest will accrue on this entire amount, $332,046.10, pursuant to 28 U.S.C. § 1961(a).

**DONE AND ORDERED** this 4th day of May, 2009.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE